# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **TERRY HUNT,** | : | CIVIL ACTION NO. _____ 1 4 - 3 2 0 |
| | : | |
| **Plaintiff,** | : | **JURY TRIAL DEMANDED** |
| | : | **COMPLAINT** |
| | : | |
| ADMINISTRATOR OF THE ESTATE OF | : | |
| THE LATE, LARRY D. JOHNSON, | : | |
| 9  MAPLESHADE RD., NEWARK, DE | : | |
| 19702 | : | |
| | | |
| **V.** | | |
| | | |
| CORRECT CARE SOLUTIONS, LLC, | : | |
| DELAWARE DEPARTMENT OF | : | |
| CORRECTIONS, FORMER COMMISSIONER | : | |
| CARL DABERG, DR. VINCENT CARR, | : | |
| BUREAU CHIEF, JAMES WELCH, DR. DALE | : | |
| RODGERS, FORMER WARDEN PERRY | : | |
| PHELPS, DEPUTY WARDEN JAMES | : | |
| SCARBROUGH, AND MICHELLE SEWELL- | : | |
| JONES, NURSING DIRECTOR. | : | |
| | | |
| **DEFENDANTS,** | : | |

## PRELIMINARY AND JURISDICTIONAL STATEMENT

1) THIS IS AN ACTION FOR WRONGFUL DEATH CONNECTED TO

   CORRECTIONAL SETTINGS, IMPLICATING THE

   CONSTITUTIONAL PROHIBITION AGAINST THE IMPOSITION

   OF CRUEL AND UNUSUAL PUNISHMENT.  THE ACTION ARISES

   UNDER THE EIGHTH AMENDMENT OF THE UNITED STATES

   CONSTITUTION AND 42ND U.S.C, 1983 AND DELAWARE'S

STATURE GOVERNING DEATH BY WRONGFUL ACT. THE
COURT HAS JURISDICTION OVER THE EIGHTH AMENDEMENT
CLAIMS UNDER 28, U.S.C., 1331, AND OVER THE WRONGFUL
DEATH CLAIM AGAINST UNDER 28 U.S.C, 1367. THE LATTER
CLAIM BEING SO RELATED TO THE EIGHTH AMENDMENT
CLAIMS OVER WHICH THIS COURT HAS ORGINIAL
JURISDICITON THAT IT FORMS PART OF THE SAME CASE OR
CONTROVERSY.

### PARTIES

2) PLAINTIFF TERRY HUNT, IS THE SISTER AND THE DULY
APPOINTED ADMINISTRATOR OF THE ESTATE OF THE LATE
LARRY D. JOHNSON, WHO DIED ON MARCH 14, 2012 OF
CIRRHOSIS OF THE LIVER AND RELATED ISSUES.

3) **DEFENDANTS CORRECT CARE SOLUTIONS, LLC, ("CCS"),** IS
A KANSAS CORPORATION WHOS PRINCIPAL PLACE OF
BUSINESS IS IN TENNESSEE. IT IS A FOR – PROFIT COMPANY
IN THE BUSINESS OF CONTRACTING TO PROVIDE HEALTH
CARE TO PRISOMERS IN CERTAIN AMERICA JAILS AND
PRISONS. AT ALL TIMES, RELEVANT TIMES, IT WAS UNDER

2

CONTRACT TO PROVIDE SUCH SERVICES TO THE INMATES

OF THE DELAWARE DEPARTMENT OF CORRECTIONS.  CCS,

PROVIDED ITS SERVICES HERE AT ISSUES THROUGH THE

WORK OF ITS EMPLOYEES, INCLUDING THE NAMED AND

UNNAMED EMPLOYEES AND AGENTS REFEERRED TO IN THIS

COMPLAINT.

4) **DEFENDANT DELAWARE DEPARTMENT OF CORRECTIONS,**

OPERATED THE CORRECTIONAL FACILITIES THAT SUBJECT

OF THE CLAIM AGAINST IT FOR VIOLATION OF THE

AMERICAN WITH DISABILITIES ACTS.

5) **DEFENDANT CARL DANBERG**, IS FORMER COMMISSIONER

OF DEPARTMENT OF CORRECTIONS ("DOC"), AS SUCH, HE

WAS LEGAL CUSTODIAN OF ALL INMATES SENTENCED BY

THE COURTS OF DELAWARE, AND WAS RESPONSIBLE FOR

THE SAFE, SECURE AND HUMAN HOUSING OF INMMATE

JOHNSON AT ALL TIMES RELEVANT HERETO, HAS ACTED

UNDER  COLOR OF STATE  LAW.  DEFENDANT DANBERG IS

SUED IN PERSONAL CAPACITY FOR THOSE CONSTITUTIONAL

VIOLATIONS HE HAS COMMITTED UNDER COLOR OF LAW.

6) **DEFENDANT VINCENT CARR, M.D.,** IS HEALTH CARE

DIRECTOR AND SUED IN PERSONAL CAPACITY. AS HEALTH

CARE DIRECTOR, DR. CARR IS RESPONSIBLE FOR

SUPERVISING THE PROVISIONS OF MEDICAL CARE FOR ALL

INMATES WITHIN THE CUSTODY OF THE DEPARTMENT, AND

CONTRACTUAL MEDICAL PROVIDERS ("CCS").

7) **DEFENDANT JAMES WELCH**, RN HUB-BC, BUREAU CHIEF OF

CORRECTIONAL HEALTH CARE SERVICES IS SUED IN HIS

PERSONAL CAPACITY. AS BUREAU CHIEF OF CORRECTIONAL

HEALTH CARE SERVICES IS RESPONSIBLE FOR SUPERVISING

THE PROVISION MEDICAL CARE AND MEDICAL GREIVENCE

SYSTEM FOR INMATE WITHIN ("DOC").

8) **DEFENDANT DALE RODGERS**, IS FORMER MEDICAL

DIRECTOR-CORRECT CARE SOLUTIONS, AT JAMES T. VAUHGN

CORRECTIONAL CENTER ("JTVCC"}, AND IS SUED IN HIS

4

PERSONAL CAPACITY., AS MEDICAL DIRECTOR.  DR.
RODGERS, WAS FULLY AWARE OF LARRY'S MEDICAL
PROBLEMS STATED LACK FINDING RESULTS NOT BEING
PROPERLY ADDRESSED LARRY'S ISSUES.  DR RODGERS ON
NUMEROUS OCCASIONS  CONTACTED BY LARRY  JOHNSON
AND OTHERS CONCERNED ABOUT LARRY JOHNSON'S
HEALTH ISSUES.

9) **DEFENDANT PERRY PHELPS**, FORMER WARDEN (JTVCC"),
AS SUCH WAS LEGAL CUSTODIAN OF INMATES SENTENED BY
THE COURTS OF DELAWARE, AND WAS RESPONSIBLE FOR
SAFE, SECURE, AND HUMAN HOUSING THOSE INMATES AND
IS SUED IN PERSONAL CAPACITY. AS FORMER WARDEN AT
JTVCC, PHELPS FAILED TO ADEQUATLY SUPERVISE AND
TRAIN CUSTODY STAFF OR PUT N PLACE PROCEDURES SO
THAT LARRY WAS ABLE TO RECEIVE APPROPRATE CARE.

10)  **DEFENDANT JAMES SCARBROUGH**, IS AT ALL TIMES
RELEVANT   DEPUTY WARDEN AT JTVCC, AND RESPONSIBLE
FOR INFIRMARY, MEDICAL APPROVED OUTSIDE SPECIALIST

CONSULTATION, AND EFFICIENT OPERATIONS MEDICAL
SERVICES AT JTVCC. HE IS SUED IN HIS PERSONAL CAPACITY.

11) **DEFENDANT MICHELL SEWELL-JONES**, RN AT ALL TIMES
RELEVANT EMPLOYED AS DIRECTOR OF NURSING-CCS AT
JTVCC, AND IS SUED IN HER PERSONAL CAPACITY. AS
DIRECTOR AT JTVCC, FAILED ADQUATELY, SUPERVISE;
TRAIN STAFF AND PUT IN PLACE PROCEDURE THAT LARRY
JOHNSON WOULD RECEIVE CONTINUED MEDICAL
APPROPRIATE CARE.

12) AT ALL RELEVANT TIMES, DEFENDENTS WERE BOUND BY
LAW, CONTRACT, FORMAL CORPORATE PROTOCOLS, AND AS
A MATTER OF FUNDAMENTAL PROFESSIONALISM TO TAKE
APPROPRIATE STEPS TO SAFEGUARD THE HEALTH OF THE
JTVCC INMATES, INCLUDING LARRY JOHNSON.

13) PRIOR ABRUPTLY BEING DISCHARGED FROM PRISON, ANY
COMPETENT AND RESPONABLY DILIGENT HEALTH CARE
PROVIDER, INCLUDING THE INDIVIDUAL DEFENDANTS,

6

HEREIN, HAD TO RECOGNIZE FROM HIS WOEFULLY DEBILITATED CONDITION THAT THIS PATIENT WAS IN DIRE NEED. CONTINUED AND IMMEDIATE MEDICAL TREATMENT WAS NEEDED.

**CCS'S ADMINISTRATIVE RESPONSIBILITES AND FAILURES**

14) DEFENDANT RODGER'S OBLIGATIONS INCLUDED OVERSEEING THE SERVIES RENDERED BY CCS STAFF AND CONTRACTORS, ENSUREING THE PROPER FLOW OF RELEVANT INFORMATION TO SUPERVISION PERSONNEL; AUDIITNG MEDICAL FILES FOR PROPER DOCUMENTATION, REVIEWING THE STATUS OF INMATES WITH SERIOUS HEALTH PROBLEMS; AND ENSURING ALL NECESSARY INTERVENTION AND TREATMENT. IT WAS HER OBLIGATION, AS MEDICAL DIRECTOR TO MAINTAIN AND DIRECT "PROACTIVE PROGRAM' TO PROVIDE PROPER CARE FOR KNOWN SPECIAL NEEDS, LIKE LARRY JOHNSON REQUIRING SPECIAL CARE OR MULTI-DISCIPLINARY CARE.

15)   TO THE END OF FACILITATING THE PROVISION OF

PROPER CARE TO SPECIAL NEEDS INMATES, INCLUDING

LARRY JOHNSON, AMONG OTHER THINGS, DEFENDANTS

CARR, WELCH, RODGERS, PHELPS, SCARBROUGH AND JONES

PARTICIPATED IN REGULAR MEETING OF THE PRISONS

MANAGEMENT TEAM, AT WHICH PROBLEM INMATES WERE

DISCUSSED BY SECURITY, CLASSIFICATION AND MEDICAL

STAFF.  AS RESULT OF THESE MEETINGS, LARRY WAS

CLASSIFIED FOR WORK RELEASE. SENT WORK RELEASE SITE

THO NOT MEDICALLY QUALIFIED.  THIS WAS CLEAR

ATTEMPT  TO RELIEVE DEFENDANT FROM $6,000  TO

$12,000 COST FOR MEDICAL TREATMENT FOR LARRY

JOHNSON.


16)   IN LIEU OF HCV TEATMENT, LARRY JOHNSON  WAS

ASSIGNED TO THE CHRONIC CARE CLINIC.  THE CHRONIC

CARE CLINIC RELIES ON PALLIATIVE RATHER THEN

CURATIVE CARE; THAT IS, IT WAS INTENDED TO PROVIDE

LARRY JOHNSON COMFORT, MANAGEMENT AND

MONITORING OF MEDICAL CONDITION WITHOUT
TREATMENT TO CURE THE CONDITION.

17)   LARRY JOHNSON REGULARLY VISITED PHYSICIANS AT
JTVCC, AND EACH SUBSEQUENT BLOOD TEST INDICATED
ABNORMAL RESULTS RELATED TO HIS LIVER ENZYMES AND
BLOOD PLATELETS.  ADDITIONALLY, LARRY JOHNSON
STARTED TO COMPLAIN OF MANY OF COMMON PHYSICAL
SYMPTOMS OF HCV, SUCH AS RIGHT SIDE PAIN AND FATIGUE.
DESPITE THESE SYMPTOMS, HE WAS STILL REFUSED
TREATMENT.  LARRY JOHNSON KEPT A  JOURNAL OUTLINING
MEDICAL ISSUES, COMPLAINTS, AND LACK OF TREATMENT
AT JTVCC UNTILL RELEASED.

18)   THE DEFENDANTS, WERE AWARE LARRY JOHNSON WAS
IN NEED OF URGENT MEDICAL TREATMENT, INSTEAD OF
PROVIDNG TREATMENT, TRANSFERRED HIM TO WORK
RELEASE WITH OBJECTIVE FACILITATING DISCHARGE FROM
PRISION.

19) ONCE AN INMATE IS ACCEPTED INTO THE PRISON,
LARRY'S JOHNSON'S MEDICAL CARE IS THE FINANCIAL
OBLIGATION OF DEFENDANTS. DEFENDANTS CCS, A PROFIT
MAKING ENTITY, CONSTANTLY DIRECT ITS STAFF TO BE
MINDFUL OF THE FIANCIAL BOTTOM LINE WHEN MAKING
TREATMENT DECISIONS REGARDING INMATES. THE
IMPLEMENTATION OF THIS POLICY BY DEFENDANTS,
FACILITATED DEFENDANT'S DELIBERATE INDIFFERENCE TO
THE PALPABLE AND SERIOUS MEDICAL NEED PRESENTED
BY LARRY JOHNSON OVER  A FOUR YEAR PERIOD.

## CAUSES OF ACTION

### COUNT 1: WRONGFUL DEATH: ALL DEFENDANTS  20,

20) BY REASON OF THEIR ACTIONS AND INACTIONS SET
FOURTH ABOVE, DEFENDANTS  ARE LIABLE FOR THE
WRONGFUL DEATH OF LARRY D. JOHNSON.  LARRY  JOHNSON
HAVING LEFT NO SPOUSE OR CHILD.  PLAINTIFF,
ADMINISTRATOR OF HIS ESTATE, IS ENTITLED TO AN

AWARD OF DAMAGES PAYABLE TO LARRY'S BENEFICIARIES DESIGNATED BY DELAWARE CODE.  THESE BENEFICIARIES ARE LARRY'S MOTHER, AND HIS SIBLINGS.  EACH HAS SUFFERED SORROW AND MENTAL ANGUISH AND LOSS OF SOCIETY, COMPANIONSHIP, COMFORT, GUIDANCE AND KINDLY OFFERS FROM LARRY JOHNSON, AMONG OTHER LOSSES RECOGNIZABLE UNDER LAW.  UNDER THE THEORIES OF RESPONDENT SUPERIOR, AGONY AND NON-DELEGABLE DUTY, DEFENDENTS LIABLE OR THESE DAMAGES AND ANY OTHER PROXIMATELY CAUSED BY THE NEGLIGENCE, GROSS NEGLIGENCE, AND DELIBERATE INDIFFERENCE TO LARRY JOHNSON DISPLAYED BY DEFENDANTS.

21)  WHEREFORE, PLAINTIFF TERRY HUNT, ADMINISTRATOR OF THE ESTATE OF THE LATE LARRY D. JOHNSON SEEK AN ORDER OF THIS COURT AWARDING DAMAGES AGAINST ALL DEFENDANTS, JOINTLY AND SEVERALLY, IN AMOUNTS APPROPRIATE TO THE PROOF AT TRIAL, TO THE BEFEFIT OF LARRY JOHNSON'S STATUTORY BENEFICIARIES, HIS MOTHER

AND SIBLINGS, PLUS HER COST AND SUCH OTHER RELIEF AS
IS JUST.

## COUNT II: *VIOLATION OF EIGHTH AMENDMENT:*
### *DEFENDANTS*

22)   BY THEIR ACTIONS AND INACTIONS SET FORTH ABOVE,
DEFENDANTS, WHILE ACTING UNDER COLOR OF STATE AND
LOCAL LAW IN THE DISCHARGE OF THEIR GOVERNMENT
OBLIGATION TO PROVIDE NECESSARY HEALTH CARE TO
INCARRERATED PERSON, WAS DELIBERATELY INDIFFERENT
TO THE DIRE, PALAPABLE AND UNDENIABLE SERIOUS
MEDICAL NEEDS OF LARRY JOHNSON, AND HIS APPARENT
PAIN AND SUFFERING, THEREBY, VIOLATING LARRY
JOHNSON'S  RIGHT UNDER THE EIGHT AMENDMENT TO THE
UNITED STATES CONSTITIUTION, TO HIS SEVERE INJURY
DURING HIS LIFETIME.

23)   AS STATED BY SPECIALIST AT CHRISTIANA MEDICAL
CENTER AND JOHN HOPKINS MEICAL CENTER WHERE LARRY

JOHNSON DIED, HE SHOULD HAVE RECEIVED TREATMENT FOR HVC FOR YEARS PRIOR TO ARRIVAL AT AFOREMENTED FACILITIES.

WHEREFORE, PLAINTIFF TERRY HUNT, AS ADMINISTRATOR OF THE ESTATE OF LARRY D. JOHNSON, SEEKS AN ORDER OF THS COURT AWARDING THE ESTATE DAMAGES FOR LARRY JOHNSON'S PAIN AND SUFFERING IN THE JAMES T. VAUGHN CORRECTIONAL CENTER PRIOR TO THIS DEATH AGAINST DEFENDANTS IN AN AMOUNT APPROPRIATE TO THE PROOF AT TRIAL, PUNITIVE DAMAGES APPROPRIATE TO THE PROOF AT TRIAL, AS WELL AS HER COSTS, INCLUDING REASONABLE ATTORNEY'S FEES, AND SUCH OTHER RELIEF AS IS JUST, INCLUDING DECLARATORY RELIEF.

**MRS. HUNT REQUEST TRIAL BY JURY.**

**Dated: March 11, 2014**

Respectfully submitted,

Terry Hunt, Administrator
Estate of the late Larry D. Johnson,
9 Mapleshade Road
Newark, DE  19702